John D. ABREW, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.

No. 07–35243.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 21, 2008.

Filed Dec. 17, 2008.

Tim Wilborn, Wilborn Law Office, PC, Oregon City, OR, Betsy Stephens, Esquire, Albuquerque, NM, for Plaintiff–Appellant.

Joanne E. Dantonio, Esquire, David J. Burdett, Esquire, SSA–Social Security Administration, Office of the General Counsel, Seattle, WA, Neil J. Evans, Esquire, Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

Before: W. FLETCHER and FISHER, Circuit Judges, and BREYER, District Judge.*

## MEMORANDUM **

John Abrew ("Abrew") appeals the Commissioner's determination that he is

---

\* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not disabled. The district court had jurisdiction under 42 U.S.C. § 405(g) and affirmed the ALJ's determination. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

■ Abrew is incorrect that his depression and anxiety are necessarily severe impairments simply because the Commissioner found him disabled before a change in the law made drug and alcohol addiction a legally insufficient basis for disability benefits. *See* 42 U.S.C. § 423(d)(2)(C); *see also* Pub.L. No. 104–121 § 105 (requiring Commissioner to allow individuals disabled because of drug and alcohol addiction to reapply for benefits on a different basis). The ALJ properly found these impairments not severe because medical evidence showed that Abrew was well-oriented and could complete simple tasks. *See Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir.1996) (holding that ALJ must evaluate symptom testimony by considering the factors in SSR 88–13, including observations of examining physicians).

■ In calculating Abrew's residual functioning capacity ("RFC"), the ALJ gave specific, clear and convincing reasons for rejecting Abrew's subjective symptom testimony of depression and fatigue. *See Smolen,* 80 F.3d at 1281. The ALJ pointed to medical observations that Abrew was not hallucinating, was well-oriented, was cooperative and that his hepatitis was asymptomatic. *See Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir.2001).

■ The ALJ gave specific and legitimate reasons for rejecting the contradicted medical opinions of Drs. McManus, Burns and Green. *See Lester v. Chater,* 81 F.3d 821, 831 (9th Cir.1996). Drs. McManus and Burns examined Abrew at a time when he was still using drugs and alcohol and found him seriously impaired notwithstanding their observations that

Abrew's impairments were caused in part by ongoing substance abuse. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1216–17 (9th Cir.2005) (holding that ALJ may reject a medical opinion when the conclusion's breadth is unsupported by the clinical findings). Dr. Green's findings were properly discounted for being based entirely on Abrew's not credible complaints about his asymptomatic hepatitis. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ properly "resolv[ed] conflicts in the medical testimony" by relying on Dr. Ferber's examination, which was conducted when Abrew was not using drugs. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989); *see also* 42 U.S.C. § 423(d)(2)(C).

■ The ALJ gave germane reasons for rejecting the lay testimony Abrew provided, stating that the severe impairments the lay witnesses described were inconsistent with medical evidence that Abrew was coherent and attentive. *See Lewis v. Appel,* 236 F.3d 503, 512 (9th Cir.2001).

The ALJ did not err by failing to develop the record further because the ALJ evaluated Abrew's testimony, lay testimony and at least four physician's reports. "The ALJ did not indicate that he found the record insufficient to properly evaluate the evidence," obviating any need to develop the record. *Id.* at 514.

■ Finally, there was no conflict between the ALJ's step five determination that Abrew could complete only simple tasks and the vocational expert's testimony that Abrew could do jobs that the U.S. Department of Labor categorizes at "Reasoning Level 2." *See* 2 *Dictionary of Occupational Titles* 1011 (4th ed.1991) (defining jobs that require the employee to "carry out detailed *but uninvolved* written or oral instructions") (emphasis added). Because the ALJ's RFC determination

was supported by substantial evidence and the VE testified that her answers would be consistent with the *Dictionary of Occupational Titles*, "[t]he ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper." *Bayliss*, 427 F.3d at 1217–18.

**AFFIRMED.**