[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 25, 2011
JOHN LEY
CLERK

No. 10-12680
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cv-60930-WPD

JEANETTE HURTADO,

                                                      Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                      Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 25, 2011)

Before EDMONDSON, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Jeanette Hurtado appeals the district court's order affirming the Social Security Commissioner's denial of Hurtado's application for disability insurance benefits. No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ"). Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

A person who applies for Social Security disability benefits must prove that she is disabled. See 20 C.F.R. § 404.1512.[1] The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The ALJ must evaluate (1)

---

[1] Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform. Id.

Here, the ALJ concluded that Hurtado had severe impairments of bipolar disorder, major depressive disorder, obsessive compulsive disorder, and osteoarthritis of the hips and lumbar spine. At step four, the ALJ concluded that Hurtado lacked the RFC to do her past relevant work as an elementary school teacher. Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that other work was available in significant numbers in the national and local economies that Hurtado could perform and determined that Hurtado was not disabled. The VE opined that Hurtado could perform jobs such as fast food worker and mail clerk. These jobs involved reasoning levels of 2 and 3 respectively under the Dictionary of Occupational Titles ("DOT").

On appeal, Hurtado argues that a conflict existed between the VE's testimony and the DOT because the reasoning levels of the jobs identified by the VE were inconsistent with her RFC, which limited her to "simple, routine tasks

3

with limited contact with the public." Because of this unresolved conflict, Hurtado contends, the VE testimony did not constitute substantial evidence on which the ALJ could base the determination that she was not disabled.

At the fifth step of the sequential process, an ALJ may rely solely on the testimony of a VE in determining whether work is available in significant numbers in the national economy that a claimant is able to perform. Jones v. Apfel, 190 F.3d 1224, 1230 (11th Cir. 1999). For the testimony to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Id. at 1229.

We discern no apparent conflict between the VE's testimony and the DOT provisions at issue. Hurtado argues that the reasoning levels for a fast food worker and a mail clerk are inconsistent with the ALJ's hypothetical limiting her to only simple routine work.[2] But, while Hurtado allegedly suffers from memory and concentration problems, she has the ability to reason. Hurtado worked for 17 years as a teacher, she had a master's degree, and, a recent evaluation concluded that Hurtado had "intact and fairly well organized thought processes," as well as "average to high average cognitive ability." The doctor who completed Hurtado's

---

[2] That the ALJ's hypothetical question to the VE comprised all of her impairments and limitations is undisputed.

mental residual functional capacity assessment concluded that she retained "adequate mental ability to carry out simple instr[uctions] and to relate adequately to others in a routine work setting."

Given the ALJ's hypothetical that Hurtado could perform only simple routine work, the VE believed that Hurtado could perform the fast food worker or mail clerk jobs. At her hearing, Hurtado did not object to the VE's testimony or qualifications, offer any evidence controverting the VE's testimony, or even question the VE. And the VE is an expert on the kinds of jobs a person can perform, while the DOT simply provides generalized overviews of jobs and not the specific requirements of a job. See SSR 00-4p; Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004); see also Jones, 190 F.3d at 1230 (explaining that "[t]he DOT itself states that it is not comprehensive" and "the [Social Security Administration] itself does not consider the DOT dispositive"). So, the VE identified no jobs that went beyond Hurtado's RFC, even under the definitions in the DOT; and the ALJ did not err in relying on the VE's testimony.[3]

Even assuming that an inconsistency existed between the VE's testimony and the DOT, the ALJ did not err by relying on the VE's testimony because it

---

[3] Hurtado argues that the VE did not consider the "limited public contact" restriction in her RFC. But the VE specifically considered this limitation before concluding that she could work as a fast food worker or mail clerk.

"trump[ed]" any inconsistent provisions of the DOT.  Id. at 1229-30 (explaining

that, if there is a conflict between the DOT and the jobs identified by a VE in

response to the hypothetical question, the testimony of the VE "trumps" the DOT

because "the DOT is not the sole source of admissible information concerning

jobs").  (quotation omitted).

The ALJ committed no error in relying upon the VE's testimony; and this

testimony constituted substantial evidence supporting the ALJ's conclusion that

Hurtado could perform a significant number of existing jobs in the national

economy.

AFFIRMED.