NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TUNI DEE HERNANDEZ, | No.    15-17028 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02142-CKD |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Argued and Submitted July 11, 2017
San Francisco, California

Before:  BEA and N.R. SMITH, Circuit Judges, and LYNN,** Chief District Judge.

Tuni Dee Hernandez appeals the district court's order affirming an

administrative law judge's ("ALJ") denial of her applications for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

Security Act, 42 U.S.C. §§ 401–34, 1382–1385. We affirm.

1.      The ALJ did not err by rejecting the opinions of Hernandez's treating physicians, Doctors Kathleen King and Dennis Hart. The ALJ's determination that Doctor Hart's own treatment notes did not support the level of severity endorsed in his opinion was a "specific and legitimate reason[] supported by substantial evidence" for rejecting his opinion. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009). Moreover, although the ALJ mistakenly referred to the treatment notes of Hernandez's orthopedic surgeon and physical therapist as belonging to Doctor King,  Dr. King's notes nonetheless did not support the level of severity she endorsed. Thus, the ALJ properly rejected Doctor King's opinion, and his error in misidentifying her treatment notes was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[W]e may not reverse an ALJ's decision on account of an error that is harmless.").

2.      The ALJ also did not err by rejecting Hernandez's testimony regarding the severity of her symptoms.[1] The inconsistencies between Hernandez's testimony and the objective medical evidence, including her doctors' treatment notes and an MRI of her lumbar spine, were "clear and convincing reasons" for rejecting Hernandez's testimony. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599–

---

[1] Hernandez testified that she could neither sit nor stand for more than fifteen minutes at a time because of pain in her back and right ankle.

600 (9th Cir. 1999). So were the inconsistences between her testimony and her self-reported daily activities, which included doing her laundry, cleaning the kitchen, driving short distances, and sitting on the couch and watching her three-year-old nephew play games.

**3.** Finally, the district court correctly concluded that any error committed by the ALJ at step five of the disability analysis was harmless. *See Molina*, 674 F.3d at 1111. There was no apparent conflict between the ALJ's residual functional capacity ("RFC") determination that Hernandez was "limited to simple, repetitive tasks" and the vocational expert's testimony that she could work as an envelope addresser, a job which the U.S. Department of Labor's *Dictionary of Occupational Titles* describes as requiring "Level 2" reasoning.[2] *See Abrew v. Astrue*, 303 Fed. App'x 567, 569 (9th Cir. 2008) (unpublished) ("[T]here was no conflict between the ALJ's step five determination that [the claimant] could complete only simple tasks and the vocational expert's testimony that [the claimant] could do jobs . . . categorize[d] at 'Reasoning Level 2.'"); *see also Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (finding no apparent conflict between an ALJ's RFC determination that a claimant could "perform[] 'simple, routine and repetitive work

---

[2] Level 2 reasoning requires, *inter alia*, the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *See* U.S. Department of Labor, *Dictionary of Occupational Titles* app. C, 1991 WL 688702 (4th ed. 1991) (hereinafter "DOT").

activity . . . '" and a vocational expert's testimony that the claimant could perform jobs that require Level 2 reasoning).[3] Thus, even if the ALJ erred by failing to resolve an apparent conflict between Hernandez's RFC and the vocational expert's testimony that Hernandez could perform two other jobs that require Level 3 reasoning,[4] *see Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (finding an apparent conflict between an ALJ's RFC determination that a claimant was limited to "simple, repetitive tasks" and a vocational expert's testimony that the claimant could perform jobs that required Level 3 reasoning), any such error was harmless.

**AFFIRMED**.

---

[3] Nor did the opinion of Doctor T. Renfro, a government psychologist, that Hernandez was "able to understand, remember, and carry out simple one or two-step job instructions," raise an apparent conflict with the vocational expert's testimony. True, this Court has found an "apparent conflict" between an ALJ's finding that a claimant is "limit[ed] . . . to performing one- and two-step tasks" and a vocational expert's testimony that the claimant can meet "the demands of Level Two reasoning[.]" *Rounds v. Comm'r. Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015) ("The conflict between [the claimant's] RFC and Level Two reasoning is brought into relief by the close similarity between [the claimant's] RFC and *Level One* reasoning[,] [which] . . . requires a person to apply 'commonsense understanding to carry out simple one- or two-step instructions.'"). Here, however, the ALJ never adopted Doctor Renfro's opinion that Hernandez was limited to "simple one or two-step job instructions." Thus, *Rounds* is inapposite.

[4] Level 3 reasoning requires, *inter alia*, the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form." *See* DOT app. C, 1991 WL 688702.