**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2029**

RIGOBERTO SOLANO,

        Plaintiff - Appellant,

    v.

ANDREW SAUL, Commissioner of Social Security,

        Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Max O. Cogburn, Jr., District Judge. (5:17-cv-00203-MOC)

Submitted: November 19, 2019           Decided: November 27, 2019

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dana W. Duncan, DUNCAN DISABILITY LAW, S.C., Nekoosa, Wisconsin, for Appellant. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Gill P. Beck, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina; David N. Mervis, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rigoberto Solano appeals the district court's order upholding the Administrative Law Judge's (ALJ) denial of Solano's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record in conjunction with Solano's arguments on appeal and find no basis for disturbing the ALJ's ruling. Our recent decision in *Lawrence v. Saul*, 941 F.3d 140, 142-43 (4th Cir. 2019), forecloses Solano's claim that there was an apparent conflict between his residual functional capacity, determined by the ALJ, and the Reasoning Level 2 job identified by the Vocational Expert. Further, the ALJ applied the correct legal standards in evaluating Solano's claim for benefits, and substantial evidence

2

supports the ALJ's factual findings, particularly in terms of the limited weight afforded the opinion of one of Solano's treating physicians. *See Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) ("[T]he ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence."). Accordingly, we affirm the district court's judgment upholding the denial of benefits. *See Solano v. Saul*, No. 5:17-cv-00203-MOC (W.D.N.C. July 3, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
