**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1172**

KIMBERLY WADDELL,

         Plaintiff - Appellant,

    v.

ANDREW SAUL, Commissioner of Social Security Administration,

         Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. David C. Norton, District Judge. (0:17-cv-03030-DCN)

Submitted: December 30, 2019               Decided: January 13, 2020

Before NIEMEYER and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Dana W. Duncan, DUNCAN DISABILITY LAW, S.C., Nekoosa, Wisconsin, for Appellant. Sherri A. Lydon, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; Eric Kressman, Regional Chief Counsel, Thomas Moshang, III, Supervisory Attorney, Peter Colonna-Romano, Special Assistant United States Attorney, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimberly Waddell appeals the district court's order adopting the magistrate judge's recommendation and upholding the Administrative Law Judge's (ALJ) denial of Waddell's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. Our recent decision in *Lawrence v. Saul*, 941 F.3d 140, 142-45 (4th Cir. 2019), forecloses Waddell's claim that there was an apparent conflict between her residual functional capacity as determined by the ALJ and the Reasoning Level 2 jobs identified by the vocational expert. The ALJ applied the correct legal standards in evaluating Waddell's claim for benefits, and the

2

ALJ's factual findings are supported by substantial evidence.  Accordingly, we affirm the district court's judgment upholding the denial of benefits.  *See Waddell v. Comm'r of Soc. Sec. Admin.*, No. 0:17-cv-03030-DCN (D.S.C. Jan. 15, 2019).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
