**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-2065**

_____

DEXTER XAVIER TAYLOR, JR.,

        Plaintiff - Appellant,

     v.

ANDREW SAUL, Commissioner of Social Security,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, District Judge. (4:18-cv-00064-D)

_____

Submitted: April 13, 2020                        Decided: April 22, 2020

_____

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Dexter Xavier Taylor, Jr., Appellant Pro Se. Keeya Marie Jeffrey, Special Assistant U. S. Attorney, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dexter Xavier Taylor, Jr., appeals the district court's order accepting the recommendation of the magistrate judge and upholding the Administrative Law Judge's (ALJ) denial of Taylor's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Taylor's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the district court's judgment upholding the denial of benefits. *Taylor v. Saul*, No. 4:18-cv-00064-D

2

(E.D.N.C. Aug. 30, 2019); *see also Lawrence v. Saul,* 941 F.3d 140, 143 (4th Cir. 2019) (holding that there is no apparent conflict between a limitation to "simple, routine, repetitive" tasks and the reasoning required by Level 2 occupations). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*