**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2100**

BARBARA RADFORD,

Plaintiff - Appellant,

v.

ANDREW SAUL, Acting Commissioner of Social Security Administration,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Robert J. Conrad, Jr., District Judge.  (1:18-cv-00161-RJC)

Submitted:  May 19, 2020                                                        Decided:  June 4, 2020

Before GREGORY, Chief Judge, and NIEMEYER and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dana W. Duncan, DUNCAN DISABILITY LAW, S.C., Nekoosa, Wisconsin, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Gill P. Beck, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina; David N. Mervis, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barbara Radford appeals the district court's order upholding the Administrative Law Judge's (ALJ) denial of Radford's application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record in conjunction with Radford's arguments on appeal and find no basis for disturbing the ALJ's ruling. First, the ALJ applied the correct legal standards in evaluating Radford's claim for benefits, and substantial evidence supports the ALJ's factual findings—particularly in terms of affording "little weight" to Dr. Steven French's assessment of Radford's mental residual functional capacity (RFC). *See Brown*, 873 F.3d at 256 (explaining the three factors—supportability, consistency, and

2

specialization—that are utilized to evaluate the weight given a non-treating source's opinion); *see also* 20 C.F.R. § 404.1527(c)(3)-(5) (2020) (providing that the ALJ may accord a consultative examiner's opinion less weight when is not well supported by medically acceptable clinical and laboratory diagnostic techniques or it is inconsistent with other substantial evidence of record). Second, our recent decision in *Lawrence v. Saul*, 941 F.3d 140, 142-43 (4th Cir. 2019), forecloses Radford's claim that there was an apparent conflict between her mental RFC, determined by the ALJ, and the Reasoning Level 2 jobs identified by the Vocational Expert. Accordingly, we affirm the district court's judgment upholding the denial of benefits. *See Radford v. Saul*, No. 1:18-cv-00161-RJC (W.D.N.C. Aug. 7, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*