**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALESIA ANN PHILLIPS,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

Defendant-Appellee.

No. 20-17178

D.C. No. 2:18-cv-02307-MCE-
KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted November 19, 2021[**]
San Francisco, California

Before: W. FLETCHER and MILLER, Circuit Judges, and KORMAN,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Plaintiff Alesia Phillips appeals from the district court's grant of summary judgment affirming Defendant Commissioner of Social Security's decision denying Phillips's claim for disability benefits. Phillips argues that the Administrative Law Judge's ("ALJ") decision is not supported by substantial evidence because the ALJ failed to properly consider an impairment at step two, erred in discounting her subjective allegations regarding her pain levels when determining her residual functional capacity ("RFC"), and failed to properly develop the vocational expert's ("VE") testimony at step five. We conclude that the ALJ's decision was supported by substantial evidence, and we affirm the district court's grant of summary judgment.

We "review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (citation omitted). The substantial evidence inquiry requires us to "look[] to an existing administrative record and ask[] whether it contains sufficien[t] evidence to support the agency's factual determinations. . . . [T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted). Substantial evidence "is more than a mere scintilla. It means—and

means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations and quotations omitted).

First, the ALJ's failure to consider one of Phillips's conditions at step two was harmless error because the ALJ later considered it in determining Phillips's RFC at step four. At step two, an impairment or combination of impairments is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 404.1552(a). "Step two is merely a threshold determination meant to screen out weak claims. It is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (citation omitted). A favorable step two determination necessarily means that "any alleged error is therefore harmless" because the claimant "could not possibly have been prejudiced." *Id.* at 1049 (citation omitted).

Second, the ALJ did not err in discounting Phillips's subjective allegations of pain to the extent that they were inconsistent with the record evidence. "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." 42 U.S.C. § 423(d)(5)(A). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 693 (9th Cir. 2009).

In making that determination, the ALJ may consider a "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effects of the symptoms of which [claimant] complains." *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

Here, the ALJ addressed the relevant testimonial and record evidence and specified the weight given to each piece of evidence. The ALJ found that Phillips's subjective allegations of pain were inconsistent with record medical evidence and with Phillips's activities. We conclude that the ALJ neither erred in discounting Phillips's subjective allegations of pain nor mischaracterized the record. Contrary to Phillips's assertion, the ALJ was not required to specifically address each individual piece of evidence. *Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1012 (9th Cir. 2003).

Third, the ALJ did not err at step five. At step five, "the Commissioner has the burden to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [her] identified limitations." *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (citations and quotations

4

omitted).  The ALJ found that, based on her RFC, Phillips could perform the job of office helper.  The VE testified that there are 233,000 office helper jobs nationally. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527-29 (9th Cir. 2014) (finding 25,000 jobs nationally to be a significant number of jobs).  Because the ALJ determined that Phillips's RFC permits her to perform at least one job that exists in significant numbers in the national economy, the ALJ did not err at step five.  *See Hernandez v. Berryhill*, 707 F. App'x 456, 458-59 (9th Cir. 2017).

 **AFFIRMED.**