**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CAROLINE C. LEACH,
  *Plaintiff-Appellant,*

  v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,
  *Defendant-Appellee.*

No. 22-55504

D.C. No.
8:20-cv-02229-
JDE

OPINION

Appeal from the United States District Court
for the Central District of California
John D. Early, Magistrate Judge, Presiding

Submitted June 8, 2023[*]
Pasadena, California

Filed June 15, 2023

Before: Susan P. Graber and John B. Owens, Circuit
Judges, and John R. Tunheim,[**] District Judge.

Opinion by Judge Graber

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[**] The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

## SUMMARY***

### Social Security

The panel reversed the district court's judgment upholding an administrative law judge ("ALJ")'s denial of Claimant Caroline Leach's application for disability benefits under the Social Security Act, and remanded.

An ALJ often calls upon a vocational expert to testify about what jobs, if any, a hypothetical person with specified limitations may perform. If the ALJ reaches the final step of the five-step sequential evaluation process, the ALJ may rely—as the ALJ did here—on the vocational expert's testimony.

Here, Claimant argued that the ALJ's question posed to the vocational expert inaccurately described her actual limitations. First, the hypothetical posed to the expert did not provide that claimant was limited to jobs with "little or no judgment." The panel concluded that the error was harmless because the vocational expert identified only jobs with that limitation.

Second, the hypothetical did not provide that Claimant could "follow short, simple instructions" only. The panel held that because the ALJ omitted the qualifying adjective "short" when posing the question to the vocational expert, thereby describing a hypothetical person with greater functional capacity than Claimant possesses, the ALJ erred

***
*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

by relying on the vocational expert's testimony, and the error was not harmless.

Third, in the question posed to the vocational expert, the ALJ described a hypothetical person who "can work in an environment with *occasional* changes to the work setting." The panel held that the ALJ's reformulation does not accurately reflect Claimant's limitation to "few" changes only, and that the error was not harmless.

The panel concluded that the ALJ materially mischaracterized Claimant's functional capacity when posing a question to a vocational expert, so the vocational expert's testimony lacked evidentiary value with respect to jobs that Claimant could perform. Because the ALJ relied on the vocational expert's testimony in concluding that Claimant was not disabled, the panel reversed the district court's judgment and remanded to the district court with the instruction to remand the case to the agency for further proceedings.

**COUNSEL**

James B. Lewis, James Lewis Law Office, Laguna Hills, California, for Plaintiff-Appellant.

Elizabeth Firer, Special Assistant United States Attorney; Matthew W. Pile, Associate General Counsel; Martin Estrada, United States Attorney; Social Security Administration, Office of the General Counsel; San Francisco, California; for Defendant-Appellee.

# OPINION

GRABER, Circuit Judge:

Claimant Caroline Leach appeals the district court's judgment upholding the denial of social security benefits by an administrative law judge ("ALJ"). Reviewing de novo the district court's decision, Farlow v. Kijakazi, 53 F.4th 485, 487 (9th Cir. 2022), we reverse. The ALJ materially mischaracterized Claimant's functional capacity when posing a question to a vocational expert, so the vocational expert's testimony lacked evidentiary value with respect to jobs that Claimant could perform. Because the ALJ relied on the vocational expert's testimony in concluding that Claimant was not disabled, we remand with the instruction that the district court remand the case to the agency for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Claimant applied for disability benefits in 2018. After a hearing, the ALJ found that Claimant had the following severe impairments: "cardiac impairment, spinal impairment, neuropathy, hypothyroidism, obesity, and neurocognitive disorder." The ALJ determined that Claimant has the residual functional capacity for light work except with certain physical and mental limitations. The mental limitations included:

> She can perform simple, routine tasks and can follow short, simple instructions. She can do work that needs little or no judgment, and can perform simple duties that can be learned on the job in a short period. She requires a work environment that is

predictable and with few work setting changes.

A vocational expert testified during the hearing. The ALJ asked the vocational expert if a hypothetical person with certain limitations could perform jobs in the national economy. The ALJ accurately summarized Claimant's physical limitations. But, as we discuss in detail below, the ALJ described mental limitations that differed from Claimant's actual limitations. In particular, the ALJ identified the following limitations in the hypothetical posed to the vocational expert:

> [The person] can understand and remember and carry out simple job instructions, maintain attention and concentration, perform non-complex routine task[s], and can work in an environment with occasional changes to the work setting.

The vocational expert testified that such an individual could perform three representative unskilled occupations, as described in the Dictionary of Occupational Titles: routing clerk, cafeteria attendant, and order caller. See Dictionary of Occupational Titles, § 222.687-022, 1991 WL 672133 ("Routing Clerk"); id. § 311.677-010, 1991 WL 672694 ("Cafeteria Attendant"); id. § 209.667-014, 1991 WL 671807 ("Order Caller").

At step five of the familiar sequential process, 20 C.F.R. § 404.1520, the ALJ relied on the vocational expert's testimony and concluded that Claimant could perform all three jobs. Accordingly, the ALJ denied disability benefits. The Appeals Council denied Claimant's appeal.

Claimant then filed this action.  The district court granted judgment to the Acting Commissioner of the Social Security Administration ("Commissioner").      Claimant timely appeals.

## DISCUSSION

An ALJ often calls upon a vocational expert to testify about what jobs, if any, a hypothetical person with specified limitations may perform.  If the ALJ reaches the final step of the five-step process, the ALJ may rely—as the ALJ did here—on the vocational expert's testimony.  In addressing challenges to an ALJ's reliance on that testimony, our legal inquiry hinges on the nature of the ALJ's question.

When the ALJ's question to a vocational expert inaccurately describes the claimant's true limitations, our legal rule is clear:  "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then 'the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'"  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991)).  In that situation, "the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings."  Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984)) (internal quotation mark omitted).  We may affirm nevertheless if the ALJ's failure to include all of the claimant's limitations was harmless.  See, e.g., Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (reviewing for harmless error).   "An error is harmless only if it is 'inconsequential    to    the    ultimate    nondisability determination.'"  Lambert v. Saul, 980 F.3d 1266, 1278 (9th

Cir. 2020) (quoting Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015)).

A different standard applies when the ALJ's question to a vocational expert accurately describes the claimant's limitations. In that circumstance, an ALJ ordinarily may rely on the expert's testimony. White v. Kijakazi, 44 F.4th 828, 833–34 (9th Cir. 2022). An exception exists, however, if there is an "apparent conflict" between the expert's testimony and the Dictionary of Occupational Titles. Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1003 (9th Cir. 2015). If an "apparent conflict" exists, "the ALJ has an affirmative duty to ask the expert to explain the conflict and then determine whether the vocational expert's explanation for the conflict is reasonable before relying on the expert's testimony to reach a disability determination." Id. (citations and internal quotation marks omitted). We have explained that "the conflict must be 'obvious or apparent' to trigger the ALJ's obligation to inquire further." Lamear v. Berryhill, 865 F.3d 1201, 1205 (9th Cir. 2017) (quoting Gutierrez v. Colvin, 844 F.3d 804, 807 (9th Cir. 2016)). And we may affirm if the ALJ's failure to reconcile the apparent conflict was harmless. Id. at 1206.

Although the two lines of cases both concern a vocational expert's testimony, the legal inquiries differ. When an ALJ inaccurately summarizes a claimant's limitations, we ordinarily must reverse and remand (unless the error was inconsequential). When, by contrast, an ALJ accurately summarizes a claimant's limitations, we ordinarily must affirm (unless there is an unexplained, obvious conflict that is consequential).

Here, Claimant argues that the ALJ's question to the vocational expert inaccurately described her actual

limitations. In particular, she asserts that the question posed to the vocational expert omitted three aspects of her limitations: (1) she is limited to jobs with "little or no judgment"; (2) she can "can follow short, simple instructions" only; and (3) she "requires a work environment that is predictable and with few work setting changes." We address each aspect in turn.[1]

### 1. Judgment

In assessing Claimant's residual functional capacity, the ALJ determined that Claimant is limited to work requiring "little or no judgment." The question posed by the ALJ contained no reference to that limitation, thus permitting the vocational expert to list jobs that require the exercise of more than minimal judgment. But we conclude that the error was harmless because it was inconsequential to the ultimate nondisability determination. Lambert, 980 F.3d at 1278.

In responding to the ALJ's question, the vocational expert identified the three jobs and described each one as "unskilled," a characterization that Claimant has not challenged. The agency defines "[u]nskilled work" as "work which needs little or no judgment." 20 C.F.R. § 404.1568(a). In other words, even though the ALJ's question did not limit the vocational expert's answer to jobs

---

[1] Claimant raised this argument to the district court, and the district court addressed it on the merits. We reject, as unsupported by the record, the Commissioner's argument that Claimant forfeited or waived the argument by failing to raise it to the district court. See, e.g., Arizona v. Components, Inc., 66 F.3d 213, 217 (9th Cir. 1995) ("Although there is no bright-line rule to determine whether a matter has been raised below, a workable standard is that the argument must be raised sufficiently for the trial court to rule on it." (ellipsis omitted) (citation and internal quotation marks omitted)).

that require little or no judgment, the vocational expert identified only jobs with that limitation.  In this circumstance, the error was harmless.

### 2.  Short, Simple Instructions

In assessing Claimant's residual functional capacity, the ALJ determined that Claimant is limited to following "short, simple instructions."  The ALJ's question to the vocational expert asked only whether jobs existed for a person who can carry out "simple job instructions."  The ALJ plainly omitted the adjective "short," thus inviting the vocational expert to identify jobs that have longer-than-short, simple instructions.  The ALJ thereby erred by relying on the vocational expert's testimony.

Unlike the previous error, we cannot say that this error was inconsequential.  The Commissioner points out that the three jobs identified by the vocational expert have a "reasoning development" level of two.  See Dictionary of Occupational Titles, § 222.687-022, 1991 WL 672133; id. § 311.677-010, 1991 WL 672694; id. § 209.667-014, 1991 WL 671807.  The Dictionary of Occupational Titles assigns each job a "reasoning development" level, on a six-tiered scale of Level One (simplest) to Level Six (most complex). Dictionary of Occupational Titles, App. C, § III, 1991 WL 688702 (4th ed. 1991).  The first two levels are:

> LEVEL 1[:]  Apply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

> LEVEL 2[:] Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

Id. (reordered). The Commissioner urges us to conclude that all jobs with reasoning level two are suitable for persons, like Claimant, who are limited to following short, simple instructions. We disagree.

Most pertinently, level-one jobs require only "simple one- or two-step instructions" but level-two jobs require "detailed but uninvolved . . . instructions." Id. Both reasoning levels require simple (or "uninvolved") instructions. Cf. Zavalin v. Colvin, 778 F.3d 842, 847 (9th Cir. 2015) (noting that a limitation to "simple, routine tasks" was more consistent with reasoning level two than with reasoning level three). The key distinction between those two levels is that level-one jobs require instructions involving at most two steps, whereas level-two jobs may require "detailed"—that is, potentially longer—instructions. See Rounds, 807 F.3d at 1003 ("Only tasks with more than one or two steps would require 'detailed' instructions."). A level-two job with "detailed but uninvolved . . . instructions" could require an employee to follow lengthy simple instructions. On the present record, then, we cannot determine whether the level-two jobs identified by the vocational expert require only short, simple instructions.

In reaching this holding, we emphasize that we agree with the Commissioner that a limitation to "short, simple instructions" does not necessarily restrict a claimant to level-one jobs. Level-one jobs encompass instructions that include, at most, two tasks. Id. But "short, simple

instructions" could comprise more than two tasks. Some level-two jobs—including potentially the jobs identified by the vocational expert here—might be consistent with a limitation to following only short, simple instructions. For example, a particular level-two job might involve only three tasks that are simple to explain. Because the vocational expert was not asked about a person limited to following short, simple instructions, however, we have no evidence on this point, and remand for further proceedings is required. See Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988) (requiring remand and reconsideration because the ALJ's hypothetical did not reflect all of the claimant's limitations).

Relatedly, we stress that we need not, and do not, reach the question whether remand would be required had the ALJ accurately summarized Claimant's limitations and had the vocational expert identified jobs with reasoning level two. Because some level-two jobs may be consistent with a limitation to short, simple instructions, there may not be an "obvious" conflict between level-two jobs and that limitation. We do not reach that distinct question.

Decisions by the Fourth Circuit strongly support our analysis. In Thomas v. Berryhill, 916 F.3d 307 (4th Cir. 2019), the Fourth Circuit held that a claimant's limitation to "short, simple instructions" conflicted with level-two jobs because a person "limited to short, simple instructions . . . may not be able to carry out detailed but uninvolved instructions." Id. at 314. The Fourth Circuit later elaborated: "'Short' is inconsistent with 'detailed' because detail and length are highly correlated. Generally, the longer the instructions, the more detail they can include." Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019). In Thomas, the court also recognized, as we do, that the potential conflict "is not a categorical rule—some

instructions, particularly if they are well-drafted, may be simultaneously short, simple, detailed, and uninvolved." 916 F.3d at 314.

The Fourth Circuit's holding in Thomas went beyond ours. The ALJ in Thomas had described the claimant's limitations accurately, and the Fourth Circuit held that the conflict was apparent—an issue that we need not, and do not, reach. Id. at 313–14; but see Surprise v. Saul, 968 F.3d 658, 662–63 (7th Cir. 2020) (holding that no obvious conflict existed between level-two jobs and a limitation to one- to three-step instructions). We hold only that, because the ALJ omitted the qualifying adjective "short" when posing the question to the vocational expert, thereby describing a hypothetical person with greater functional capacity than Claimant possesses, the ALJ erred by relying on the vocational expert's testimony, and the error was not harmless.

### 3. Predictable Work Environment with Few Changes

Finally, in describing Claimant's capabilities, the ALJ held that Claimant "requires a work environment that is predictable and with few work setting changes." (Emphases added.) In the question posed to the vocational expert, though, the ALJ described a hypothetical person who "can work in an environment with occasional changes to the work setting." (Emphasis added.) The ALJ's reformulation does not accurately reflect Claimant's limitations. "Occasional" changes may, over time, amount to more than "few" changes.[2] And, at least in the context of physical exertion,

---

[2] "Few" suggests an absolute number that is small. Few, Merriam Webster Dictionary, https://www.merriam-webster.com/dictionary/few (May 30, 2023). But "occasional" suggests from time to time, with no necessary numerical limit. Occasional, Merriam-Webster Dictionary,

both the Dictionary of Occupational Titles and a Social Security Ruling have defined "occasionally" to mean "from very little <u>up to one-third of the time</u>."  SSR 96-9p, 1996 WL 374185, at *8 (July 2, 1996) (emphasis added); <u>see also</u> Dictionary of Occupational Titles, App. C, § IV, 1991 WL 688702 (4th ed. 1991).  Changes that can occur one-third of the time amount to much more than "few" changes.  At a minimum, the vocational expert could have understood the ALJ's question in that manner.

We agree with the Commissioner that an ALJ need not use identical wording when describing a claimant's residual functional capacity and when posing a question to the vocational expert.  ALJs permissibly may use synonyms and reasonably reworded descriptions of limitations, so long as the limitations are not materially altered.  We acknowledge that the distinction here is a close call.  But, for the reasons described above, the vocational expert may have understood the permissively worded allowance of "occasional" changes differently from Claimant's restrictive limitation to "few" changes only.  Accordingly, we hold that the ALJ erred in this respect, too, and the error was not harmless.

## CONCLUSION

The ALJ omitted or meaningfully misstated Claimant's limitations when he posed a question to the vocational

---

https://www.merriam-webster.com/dictionary/occasional (May 30, 2023).  A person who expects to watch "few" movies during the upcoming year might mean half a dozen at most.  A person who expects to watch movies "occasionally" during the upcoming year might mean once a month, at least twice that total.  A year is an appropriate unit of comparison because a claimant is not disabled unless the relevant limitations will persist for a minimum of 12 continuous months.  20 C.F.R. §§ 404.1505(a), 416.905(a).

expert, and the ALJ erred by relying on the resulting testimony.  Although an omission proved harmless in the circumstances of this case, the two mischaracterizations of Claimant's limitations require remand to the agency. Accordingly, we reverse the district court's contrary judgment and remand with the instruction to remand to the agency for further proceedings.

**REVERSED AND REMANDED.**  Costs on appeal awarded to Claimant.