**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL AGUSTIN HERNANDEZ, | No. 23-15509 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01295-NJK |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Nancy J. Koppe, Magistrate Judge, Presiding

Submitted April 9, 2024**
Pasadena, California

Before: MURGUIA, Chief Judge, and MENDOZA and de ALBA, Circuit Judges.

Gabriel Hernandez appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Mr. Hernandez's applications for

disability insurance benefits and supplemental security income under the Social

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security Act. On appeal, Mr. Hernandez contends that the Administrative Law Judge ("ALJ") found that Mr. Hernandez had a residual functional capacity ("RFC") that is unsupported by the record and contrary to the opinions of two state agency consultants. We have jurisdiction under 28 U.S.C. § 1291. "We review a district court's judgment de novo and set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla. It means—and means only— such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). We affirm.

1.      The ALJ determined that Mr. Hernandez had an RFC that allows him to, as relevant here, do the following: "He can understand, remember and carry[]out simple routine work in [a] well-spaced work environment with occasional coordination with others. He can occasionally have contact with [the] public[,] supervisors[,] and coworkers." Based on this RFC and the testimony of a vocational expert, the ALJ found that Mr. Hernandez could perform two jobs that exist in significant numbers in the national economy—"cleaning positions" and "laborer of stores"—and that he therefore was not disabled. Mr. Hernandez argues that the RFC determination is unsupported by substantial evidence because the two

state agency consultants who reviewed his record in July and December 2020—Dr. Kelly O'Neill and Dr. Ana Olivares—opined that he had the capacity to engage in "minimal coordination with others" in the workplace and "interact with peers and the public in brief, non-intensive interactions." He contends that the ALJ erred by, after deeming these opinions persuasive, finding that Mr. Hernandez could engage in *occasional* coordination and contact with others as opposed to *minimal* coordination and contact. We disagree.

2.     Mr. Hernandez testified that he was unable to work due to problems getting along with others, but the ALJ found that statement inconsistent with other evidence indicating that "his symptoms have significantly improved since he has been compl[ia]nt with his medication intake and sober from drugs." The ALJ noted:

> [t]herapy notes from March 2021 reflect that the claimant had been sober for over a year. They note some initial difficulty with compliance but reflect that the claimant has been progressing and has been compl[ia]nt with his treatment plan. He was noted to still be having some avolition, flat affect, minimal emotion expression, memory loss, difficulty with cognitive processing and hallucination, but he reported improvement in the frequency of his symptoms. Treatment notes reflect that the claimant had formed stronger relationships with his daughters and he was beginning to make lifestyle changes with hobbies such as playing guitar and reading[.]

The ALJ further noted that, despite his symptoms, Mr. Hernandez "admitted that he could attend church, he admitted that he formed stronger relationships with his daughters and he admitted that he could use public transportation." Based on the

3

totality of the record, including Dr. O'Neill's and Dr. Olivares's opinions that Mr. Hernandez had the capacity to engage in "minimal" coordination and "brief, non-intensive interaction with others," the ALJ rationally held that he had an RFC that allows him to engage in "occasional" coordination and contact with others. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." (citation omitted)).

Mr. Hernandez contends that the ALJ's finding that the state agency consultants' opinions were persuasive is inconsistent with the finding that Mr. Hernandez has the capacity to engage in "occasional" coordination and contact with others. "Occasionally," he asserts, is a term of art in Social Security law that means "very little up to one third of the time." *See Leach v. Kijakazi*, 70 F.4th 1251, 1258 (9th Cir. 2023) ("[A]t least in the context of physical exertion, both the Dictionary of Occupational Titles and a Social Security Ruling have defined 'occasionally' to mean 'from very little up to one-third of the time.'").[1] Even if we accept Mr. Hernandez's definition of "occasionally" in this context, and his

---

[1] Mr. Hernandez's reliance on *Leach* in support of his argument that the ALJ erred in finding he had an RFC allowing for occasional coordination and contact with others is unavailing. *Leach* involved a discrepancy between (1) the ALJ's express RFC finding, and (2) a hypothetical scenario that the ALJ posed to the vocational expert. *See* 70 F.4th at 1254. Here, the ALJ's RFC and the terms of the hypothetical scenario that the ALJ posed to the vocational expert were in lockstep.

proffered definition of "minimal" as "the least possible," his argument misses the mark. Mr. Hernandez fails to account for the fact that the ALJ's RFC determination was supported by his March 2021 therapy notes—which postdate Dr. O'Neill's and Dr. Olivares's reports—and Mr. Hernandez's own testimony, which the ALJ found inconsistent with the record. "The ALJ assesses a claimant's RFC 'based on *all* the relevant evidence in [the] case record.'" *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (quoting 20 C.F.R. § 416.945(a)(1)) (emphasis added). Here, the ALJ permissibly found the opinions of Dr. O'Neill and Dr. Olivares "persuasive" without adopting them wholesale and to the exclusion of other relevant evidence. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity.").

3. Finally, even if the ALJ erred by failing to adopt Mr. Hernandez's preferred RFC, remand would be unwarranted because any such error would be harmless. *See Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) ("The Court may not reverse an ALJ's decision on account of a harmless error.") (citation omitted). The job position "laborer of stores," which the ALJ found compatible with Mr. Hernandez's RFC, is defined in the Dictionary of Occupational Titles to exclude the activity of "talking." Dictionary of Occupational Titles § 922.687-058, 1991 WL 688132 ("Laborer, Stores") ("Talking: Not Present - Activity or

5

condition does not exist"). This job description is compatible with Mr. Hernandez's proposed, more restrictive RFC. Accordingly, his argument also fails for this reason.

**AFFIRMED**.